Good morning, Your Honors. May it please the Court, my name is Sherry Addox. I'm appearing for the petitioner, Mr. Tadevosyan. I want to make it clear, I think it was clear in the briefs, but we're only proceeding with the second petition for review, which deals with the first motion to reopen for adjustment of status. And with regard, oh, before I go any further, I'd like to reserve two minutes for rebuttal time. With regard to the motion to reopen, there is a matter of the record that I wanted to bring to your attention that everybody missed in this case, including myself when I was writing the briefs. And that is that we have the affidavit of support that's at issue. And the government's objection was that the affidavit of support was not supported by sufficient documentation, including, for example, a W-2. The cosponsor's affidavit of support, which is at issue, actually did include a W-2. It's at page 255 of the Administrative Section. I thought it was instead a form that they took the information from a W-2 and put into this thing that you're calling a W-2. That's correct. All right, so it's not really a W-2 that the employer puts in to this document. It's what the client himself put in from his own W-2. I believe that that's accurate. The preparer of the form, yes, filled out that W-2. Which makes a difference. Which makes it a little different. But we are dealing with a motion to reopen situation where the standard is just that the evidence that's been submitted establishes a reasonable likelihood that the statutory requirements have been met, such that it would be worthwhile to develop them at a future hearing. And in this case, the cosponsor's affidavit of support included all the statutory requirements. The statute just requires a sworn statement of income, which is the affidavit of support. I thought your basic argument was that they were simply deferring to the opposition of the DHS. There are basically two arguments, and I think that they're very interconnected. But if we thought the first one was right, then we would just send it back. We wouldn't decide anything, right? Yes, I think that is correct. And I think that the fact that they took the objection of the government just at face value without evaluating it at all does go to that argument that they were allowing the fact of the government's objection to preempt reopening. But I also think that the government also argues that the board adopted their position. And if you take that approach, you have to look at the substance of that objection and that reasoning that was put into the board's decision. And when you look at that, you see that it doesn't hold up because all of the statutory requirements were met in this case. The government did state that they felt that employment letters and pay stubs and financial documents should be submitted. But when you look at the regulation, that 8 CFR section 213A.2C to small I large A, those documents are not required. It says that you may submit those. It's permissive. I'm sorry, what? Employment letters, financial statements, bank statements, pay stubs. When you look at the regulation, those. If this went forward, would the documents, would they have to prove to the IJ that they meet the admissibility standards or would they have to prove it in the administrative I-130 proceedings? No, this is for the adjustment of status. All right, but for the adjustment, what I'm asking is this. There are some provisions in the DHS's handbooks and so on which seem to say, well, the rules say you're supposed to provide this information, but you can, if the information that is provided looks quite believable, you don't really have to provide this stuff. So who's going to ultimately decide this? Ultimately, this would either be decided by the immigration judge or by an adjudicator at U.S. I'm asking you, which one is it? Well, it's kind of complicated procedurally. In this case, the case would go back to the judge. The judge could hear the case or the case could be terminated to allow the agency to make the decision. This is if the motion to reopen is granted? Yes. Yes. And we know that the agency wouldn't necessarily insist on this. Oh, no. What you have here looks pretty good. I mean, nobody's questioned the authenticity of this document. Well, and that's exactly it. I mean, when the board is looking at a motion to reopen, they should be accepting affidavits and sworn statements as true unless they're inherently unbelievable, and nobody is saying, you know, the board never said that the representations with regard to income were inherently unbelievable. They just said you haven't submitted absolutely everything that you might submit. What I don't understand is that just – I know you're not going to like this subject, but assume you lose on the motion to reopen. This question of the approved I-130 still has to be addressed. That's correct. I mean, it's not like the guy's getting on an airplane and going back. Well, actually, no, it is like that. Okay, tell me why. I thought that they have to address this I-130 approval anyway. The I-130 approval, what would happen then, there is a mechanism for consular processing, but what would happen is the deportation order would be executed. He would have to return to his home country. He would file for an immigrant visa, including a waiver to waive the deportation and the penalties. And then if everything is granted, he could return as an immigrant. Would it affect longer term his ability to become a citizen, whether or not it's reopened or whether or not he has to lose on that, go back to Armenia, then pursue the I-130 approval? Would the difference in those two approaches affect whether he would ever qualify for citizenship? Well, not exactly. I think it would affect the timing of when he could apply, depending on when it was granted, but no. How long would that delay be? Well, it usually takes, without a waiver, it usually takes at least a year for a consular process case. With a waiver, you may be adding on six months to a year, depending on how long it takes to do a waiver. He would need a waiver because of the deportation order. Exactly, to waive the deportation order. I understood that, say, a person is deported to Mexico, there's sometimes a five, six year wait. If he gets deported to Russia, there's just a year wait? No, no. When you're deported, you have a penalty, which is actually a ten year wait. Ten year wait. Yeah, it depends on how you're deported, but in this circumstance, it would be a ten year wait, and that's what he would be asking to waive with the waiver that he would have to file. Oh, a ten year wait, I see. Yeah, so it's ten years if the waiver's not granted. That all depends on the consulate official. The waivers are actually adjudicated by USCIS, so they're filed here separately and adjudicated stateside, and then the approval or denial is then sent to the consulate. Well, are those waivers, what percentage of them are approved? I actually don't have that information, Your Honor, I don't know. Just in your own experience. I'm guessing maybe 60, 70 percent, but I honestly don't know. 60, 70 percent. But in this case, I think that we have a strong argument that all of the necessary requirements for reopening were met, and certainly the board didn't say that he was undeserving of reopening, or that there was some other reason that they denied reopening. They just said that he hadn't submitted enough documentation, which is clearly, I think, an abuse of discretion. And they obviously didn't look deeply into the situation at all, and basically just took the immigration's word for it and said, well, okay, the government says not enough proof, so not enough proof, and we're denying you. Does he have any U.S.-born children? Not with this marriage. I believe he does have a U.S. citizen daughter, but she may be a niece. I don't know. She's the one who contacted me with regard to the case, and I'm not sure if she's a daughter or a niece, but she is a U.S. citizen. So he has no children from this? From this marriage, no. This is an older couple, and he's 51 this year, and she'll be 60. That's not so old. Well, I know. With regard to having children. It is. Well. Has this ever gone to mediation? It actually did. After the I-130 was approved, the parties went into mediation to see if the government would agree to just go ahead and proceed with the adjustment of status, and they never agreed. What did you say? I'm sorry? What did you say? I said that the case did go to mediation after the I-130 was approved by USCIS. When was that? How long ago was that? It was approved in November 2009, and mediation was in 2010, and it failed. Three years ago? Yes. Three, four years ago. So all of that was after the change in the law or at least a clarification of the law with regard to the DHS objection? Yes. I believe that was all happening kind of simultaneously. I believe the board's decision was a 2009 decision, I believe, matter of wellness, and this court's decision was a 2008 decision. Okay. Well, back then, when it went to mediation, not too many of them were successfully mediated in favor of the immigrants. But now I think the larger percentage of them are successful. All right. Thank you. Thank you. Good afternoon, Your Honors. May it please the Court? My name is Jesse Buse, and I represent the Attorney General. Why don't we pick up where we just left off? What's wrong with mediation now, and why shouldn't it be? It seems to me the only problem here is how long it's going to take. We did try mediation, as Petitioner's Counsel stated. That's three years, three, four years ago. That is correct. It's a different ballgame today. That's true. There's been a change in terms of DHS granting prosecutorial discretion in some of these cases, which— I also don't understand your legal position, so maybe you could— because it has something to do with whether there's any point in mediating this. Go ahead. Right. Well, our position is that the board did not abuse its discretion in denying this motion. Here, DHS opposed based on the failure to submit sufficient evidence to establish it. Right. First of all, it seems to me the fairest, most likely reading of what the board decided was they opposed it, and here's why they opposed it. All they had to do was oppose it because they cite this validity case or whatever it was called. They never evaluated that objection in any way at all. It's not the best one. And so there's a pretty good shot that they simply applied a later overruled case and said anything DHS says. You say that's not what they said. Well, looking at the decision, if they were—if the board was relying solely on DHS's opposition, there would be no reason for them to recite their basis for opposing this. Well, I mean, maybe they're saying, you know, they didn't say the sky is blue. They said something that's in the ballpark, therefore we defer to it. But they didn't say it because we agree with it or evaluate it or review it or do anything to look into whether it's a correct ruling. I think it's implicit in the way that the decision is worded. They say this is what DHS opposed based on failure to show that the petitioner would be a public charge, based on the failure to submit sufficient evidence in support of the joint sponsor petition. And as such, this is sufficient. They say this is enough to—implicit in that is the acceptance of that argument by the board. But it says—it doesn't say, as such, the DHS's opposition. As such, we determined that, in fact, there was inadequate submission. They say, in fact, the DHS's opposition is sufficient. Why would anybody say that? Well, because the opposition was based on the failure to show a prima facie eligibility for this adjustment. All right, but that doesn't mean the opposition is sufficient. It means that we now look at the—whether the opposition— the substance of the opposition is borne out by the case law and the facts, which they never did. Well, as I said, I think that's implicit in the way that they've addressed this. I think that it's— All right, so suppose we go to the second issue. This is a motion to reopen. Yes, Your Honor. Why—the information submitted looks pretty convincing. If you reopen, you have a hearing, and you can ask for the rest of the information, or you can send them off to the administrative office that decides this. What is wrong with the information that was submitted as sufficient to meet a motion to reopen standard? Well, in this case, Your Honor, there are certain regulatory requirements. But it doesn't say that's what you have to provide on a motion to reopen. No. It says it's what you ultimately have to provide. And it doesn't—and, in fact, it's not enforced that way, as the internal procedural manuals say. Well, in this case, there are regulatory requirements to establish that— But they're not enforced that way. I agree, Your Honor, that they're not making that finding here, but where they can look at the evidence and say you have not submitted sufficient evidence to meet those regulatory requirements. But there's two things wrong with that. A, it's only a motion to reopen. We're not done. And all he has to show is enough to make a prima facie case, which it sure seems to me he's done. And second of all, even at the actual stage of deciding this, the administrative people are given the authority to act on documents like this if they have no reason to disbelieve them. Well, on the first ground there, again, these are what's required under the regulations. And if they haven't met that just on the face of the evidence— Well, you keep saying that, but you haven't dealt with the fact that this is only a motion to reopen. Yes, but to establish prima facie eligibility, you have to show some likelihood of actually succeeding on the claim. Right. Well, there's not a likelihood that you have a tax return and an attached W-2 that nobody is questioning and it doesn't look perfectly fine, and it doesn't seem to be any— no one suggests there's anything wrong with it? Well, not where the evidence here is just the very bare minimum without more. I'm sorry, why? Because it's just simply it would be insufficient. But the internal documents say that they could actually grant it based on this if they thought it was truthful. Again, I can only argue that this— Well, you can argue what you want to argue, but you shouldn't be arguing anything if it's wrong. Isn't all they have to show is that further proceedings, they've established enough that there should be further proceedings to develop the facts? Isn't that all they need to show? They need to show that there's some likelihood that this would be true. Let me ask this. Is there some phenomena that you have these people who are professional sponsors and that they file tax returns that obligate them to pay taxes and that they inflate their income and pay taxes on that just so they can be professional sponsors? Is there something like that going on here? I can't speak to that, Your Honor. Well, then why would anybody have any motivation to state on their tax return income that they don't really have that would eventually show up on a W-2? And because you have those basic human instincts to pay as little tax as possible, it seems to me you have enough here to proceed further and develop the facts and therefore the motion to reopen ought to be granted. Well, I'm reluctant to speculate on the motivations of any of the sponsors in these cases. Then we have to accept the basic human instinct to pay as little tax as possible and that, therefore, what he said was his income in his tax return, even without W-2s, is what his income was. If the court does feel that this evidence is sufficient, that this met that bears regulatory requirement to establish. But there is no regulatory requirement as to what you have to provide in a motion to reopen other than enough to think that it's probably so. No. There's no regulatory requirement for the motion to reopen. As I said, there's a regulatory requirement to establish eligibility for relief, and in attempting to determine whether there's prima facie eligibility. You have to provide everything. It's constructive, at the very least, in determining whether this is likely to be granted. Therefore, you have to bring everything in. Even though he has a copy of a W-2 attached, that's pretty good evidence that there is a W-2. Well, I would note that under the regulation, if there's a copy of the tax forms, there is a requirement for additional evidence. Yes. When he's trying to make out his case, all he's trying to make out now is a prima facie case. True, Your Honor. You know, I have to tell you, I'm reluctant to say this, but I have to tell you that given the government's position on income, and given the government's position that they don't want to have to grant this motion to reopen, they'd rather have the guy go back to Armenia and start the process that way. It's very Kafkaesque. And you can respond to that if you want to. Well, I would just note that at the time that this was filed. Isn't it your job? Did you write the briefs in this case? I did write the briefs. You did? Yes. Maybe that's the problem. Because usually what happens is somebody who didn't write the briefs looks at the case at the time of the argument and says, you know, this isn't much of a case, and makes a motion to revamp. And, frankly, I was surprised it didn't happen. But now I know why. I apologize if I missed anything in this case. As I said. Who did the brief then? I was the one who filed the brief in this case. What? I was the one who filed the brief in this case, Your Honor. Oh, you filed the brief. Yes, Your Honor. And you're with the Department of Justice? Yes, Your Honor. Because they had some brief writers for a while, didn't they? Contract brief writers. Yes. A few years ago they were contracting some of these briefs out to U.S. attorneys' offices. Well, not contracting, but farming them out to U.S. attorneys' offices across the country. So it was still within the department, but it wasn't a single office handling it. And since then, the Office of Immigration and Litigation has been handling these briefs since about 2006 or 2007. And so where are you located? Washington, D.C., Your Honor. Now, was the I-130 approved after? The I-130 was approved, and there's actually an error in both of our briefs, Your Honor. The I-130 was actually approved in November 2008 rather than 2009. Not significant, but I just didn't want to point that out to the court. Was it approved after the adverse ruling? Yes, it was approved. The adverse ruling in this case was in March. So that's in March. Yes. That's an additional factor. And it wasn't until, as I said, November that the I-130 was approved. And we did. To go back to the merits, the document called Clarification of Policy Regarding U.C.S.C.I.S. Form 864, Affidavit of Support. Note, U.C.S. may also decide that a request for evidence is not necessary in a case in which the sponsor filed a photocopy instead of a transcript but forgot to submit the forms W-2 or 1099. A decision not to request additional evidence will be proper if U.C.S.C.I.S. concludes that the evidence of record taken as a whole makes it reasonable to infer that the information on the tax return is true. So if U.C.S.C.I.S. can do that, then why is the IJ throwing this guy out on a motion to reopen? Again, I would note it appears that both DHS and our office were not aware that the W-2 was filed with this. So do you want to make a motion to remand now and just give up? With leave of the court mediation for that, for consideration that might be in order. I can't, I'm not authorized to remand a case. I would have to speak to my clients before being able to remand. Well, yes, I actually can't do it standing here, so maybe you can let us know in a few days. I mean, maybe we don't need to mediate. Maybe you will simply agree that this should go back. Yeah, it will likely take me more than a few days, just given how long it takes to. Likely take what? It usually takes a little longer to consult with the agency in this case. It would probably take more than a few days, but I can certainly contact them with that information, Your Honor. Besides which, the piece of paper that I read you says they forgot to submit the forms W-2 or 1099, and they say that may not matter either. So even on your representation, it still appears that USCIS could have granted this. I will take that into consideration, Your Honor. Thank you. So what do you want to do now? We would not have any problem with putting the case into mediation to consider remand on this, Your Honor, if the court would like to do so, we would be more than happy to do that. Otherwise, I can consult with the agency based on what happened in court today and see what their position is. And then you will consult the agency? Yes, Your Honor. You will put in a good word, is that what you are saying? Well, ultimately, they are our clients. We have to consult with them before making a decision. So what do you think of that, Ms. Addox? I have no objection to mediation in this case, Your Honor. Do you want to do that? Judge Berzon has an iPad. She has everything on there. Awesome. Okay, so we will do that. Thank you, Your Honor. Unless the court has any other questions. Is this Friday? No, unfortunately. What day is this? Oh, today is Thursday. All right. I don't know why I thought it was Friday. It's just wishful thinking. All right. That concludes this session and the court will recess until 9 a.m. tomorrow morning. Thank you.
judges: Pregerson, Murphy, Berzon